1
2
3                          UNITED STATES DISTRICT COURT
4                        NORTHERN DISTRICT OF CALIFORNIA
5

6    IRISH HELP AT HOME LLC., et al.,            Case No.  13-cv-00943-MEJ
                          Plaintiffs,
7                                                **ORDER GRANTING DEFENDANTS'
            v.                                   MOTION FOR SUMMARY JUDGMENT
8                                                AND DENYING  PLAINTIFF'S
     ROSEMARY MELVILLE, et al.,                  MOTION FOR SUMMARY JUDGMENT**
9                         Defendants.            Re: Dkt. No. 28, 29
10

11

12                                 **INTRODUCTION**

13          Plaintiff Irish Help at Home, LLC ("Irish Help") filed this action challenging Defendant

14   United States Citizenship and Immigration Service's[1] ("USCIS") denial of its Petition for a

15   Nonimmigrant Worker Visa on behalf of Irish Help's intended beneficiary, Bridget McDermott.

16   Now pending before the Court are the parties' cross-motions for summary judgment.  Dkt. No. 28,

17   Defs.' Mot. for Summ. J. ("DMSJ"); Dkt. No. 29, Pl.'s Mot. for Summ. J. ("PMSJ").  The Court

18   held a hearing on these motions on January 22, 2015.  Dkt. No. 35.  Having considered the parties'

19   positions, the relevant legal authority, and the record in this case, the Court **GRANTS** Defendants'

20   Motion for Summary Judgment and **DENIES** Plaintiff's Motion for the reasons set forth below.

21                                 **BACKGROUND**

22          On May 10, 2012, Irish Help, a for-profit home-health care provider operating in the San

23   Francisco area, filed a Form I-129, Petition for Nonimmigrant Worker (an "H-1B Petition"), with

24   USCIS on behalf of intended beneficiary, Bridget McDermott.  Dkt. No. 28, Exs. 1-5, Admin. R.

25   ("AR") 155-56, 382-98.  The Petition sought a visa for McDermott as a nonimmigrant working in

26   a "specialty occupation" pursuant to 8 U.S.C. § 1101(a)(15)(H)(i)(b).  AR 389.  Irish Help seeks to

27   ─────────────────────────
     [1] Rosemary Melville of the USCIS California Service Center is also a Defendant in this case, as
28   well as the Director of the USCIS, Alexander Mayorkas, the United States Department of
     Homeland Security, and former Secretary, Janet Napolitano (collectively "Defendants").

United States District Court
Northern District of California

1  employ McDermott as a part-time "deputy controller."  AR 155.  McDermott holds a degree in

2  finance from the National University of Ireland in Maynooth, Ireland.  AR 155, 157.

3      In its initial submission in support of its H-1B Petition, Irish Help supplied a letter stating

4  that McDermott, as a deputy controller, would perform the following duties:

> the preparation of financial statements, business activity reports, financial position forecasts, annual budgets, and/or reports required by regulatory agencies. She will analyze and prepare written reports and will monitor the company's financials to ensure that all legal and regulatory requirements are met. She will analyze the financial details of past, present, and expected operations in order to identify development opportunities and areas where improvement is needed. She will develop and maintain relationships with banking, insurance, and non-organizational personnel in order to facilitate financial activities. She will coordinate and direct the financial planning and budgeting activities of the company. She will receive cash and checks, and deposit funds. She will compute, withhold, and account for payroll deductions. She will prepare financial information so that outside accountants can complete tax returns.

AR 156.

On September 13, 2012, USCIS issued a request for evidence ("RFE") to Irish Help, which

called for more information to establish that its deputy controller position qualifies as a specialty

occupation.  AR 483-87.  The RFE asked for, among other items, a more detailed job description

with the percentages of time to be devoted to each of the deputy controller's duties.  AR 483-87.

On November 30, 2012, Irish Help responded that "[t]he duties for the deputy controller position

include the following:"

> 1.) Prepare financial reports and statements, including income statements, business activity reports, financial position forecasts, balance sheets, and annual budgets. Analyze future earnings or expenses and summarize [the] company's financial position and ensure that all matters are properly addressed. Percentage of time: 10%
>
> 2.) Oversee accounts receivables and accounts payables. Ensure that all invoices are paid in a timely manner. Receive cash and checks and deposit funds. Bill clients appropriately and ensure that all amounts due to the company are received and credited appropriately. Provide follow up for past due amounts due from clients. Percentage of time: 10%
>
> 3.) Monitor [the] company's financials to ensure that all legal and regulatory requirements are met. Provide accurate summaries of

2

information. Ensure necessary paperwork is completed accurately. Correspond with outside individuals. Percentage of time: 10%

4.) Analyze and prepare written reports. Make progress reports and measure actual against estimated costs, maintain appropriate records, and related data. Monitor financial activities and details such as reserve account levels to ensure that all have sufficient amounts. Review company's assets to ensure accurate recordkeeping. Percentage of time: 10%

5.) Analyze financial details of past, present, and expected operations in order to identify patterns and opportunities for areas where improvement may be needed. Percentage of time: 10%

6.) Coordinate and direct financial planning and budgeting activities of the company. Analyze company figures to ensure proper measures are undertaken. Percentage of time: 10%

7.) Develop and maintain relationships with banking, insurance government and non-organizational personnel in order to facilitate financial activities. Ensure that all insurance coverage premiums are properly paid and adequate liability levels are maintained at all times. Ensure all paperwork is properly completed and timely submitted to relevant parties. Percentage of time: 10%

8.) Oversee computation, withholdings and accounts for payroll deductions. Assist with payroll duties such as employee pay, quarterly employee tax payments to the government, and related matters. Percentage of time: 10%

9.) Prepare financial information for outside accountants completing company tax returns. Maintain proper records of all information provided to outside agencies, accountants, and any other third parties. Ensure accuracy of all filings. Assist in [the] preparation of [the] company's response to requests, including IRS, California Franchise Tax Board, Workman's Compensation and other agencies. Oversee matters pertaining to workman's compensation and State Fund. Percentage of time: 20%

AR 407-08; 488-89.

On December 13, 2012, USCIS denied Irish Help's H-1B Petition, concluding that Irish Help failed to establish that its deputy controller position is a specialty occupation.  AR 373-79. Following the denial, on March 1, 2013, Plaintiff filed its Complaint in this Court for a writ of mandamus and injunctive relief, alleging that USCIS's denial had been arbitrary and capricious. Dkt. No. 1.  After Plaintiff filed the Complaint, USCIS on its own motion reopened the H-1B Petition on May 14, 2013 and issued a second RFE.  AR 272-79.  The second RFE sought additional information and evidence to establish that the deputy controller position is a specialty

1    position.  AR 272-79.

2        Irish Help responded to the second RFE on August 5, 2013.  AR 280-362.  The response

3    included, among other things, a letter from Irish Help describing its deputy controller position and

4    the percentage of time dedicated to each task (AR 282-84), copies of financial reports as examples

5    of the type of work product created and produced by the deputy controller (AR 332-38), and

6    letters from the California Association for Health Services at Home, the Training Academy for

7    Personal Caregivers and Assistants, and Huddleston Care, LLC.  AR 322-30.

8        On September 27, 2013, USCIS again denied the H-1B Petition finding that Irish Help had

9    failed to establish that the position qualifies as a specialty occupation and certified its decision to

10   USCIS's Administrative Appeals Office ("AAO") for review.  AR 262-71.  On January 31, 2014,

11   the AAO issued a decision affirming the denial of Irish Help's H-1B Petition and USCIS's finding

12   that Plaintiff had failed to establish that the proffered position was a specialty occupation.  AR 67-

13   109.  In its de novo review, the AAO also found that Plaintiff had failed to establish that

14   McDermott was qualified to perform a specialty occupation.  AR 103-09.

15       On March 5, 2014, Plaintiff filed with the AAO a motion to reopen and reconsider the

16   AAO's January 31, 2014 decision.  AR 58-65.  The brief included a letter and curriculum vitae

17   from Ross Stewart, an accounting professor at Seattle Pacific University.  AR 42-53.  The letter

18   states Professor Stewart's opinion that the Irish Help deputy controller position is a specialty

19   occupation.  AR 45-47.  On August 29, 2014, after considering the additional evidence, the AAO

20   denied Plaintiff's motion to reopen and reconsider.  AR 1-13.  On September 24, 2014, Plaintiff

21   filed its Second Amended Complaint in this action, alleging that the AAO's denial of the H-1B

22   Petition was arbitrary and capricious.  Dkt. No. 24 ("SAC") ¶ 30.

23                            **LEGAL STANDARD**

24       The Administrative Procedure Act ("APA") provides for judicial review of final agency

25   decisions.  5 U.S.C. §§ 702, 706.  Courts routinely resolve APA challenges to agency

26   administrative decisions by summary judgment.  *Nw. Motorcycle Ass'n v. U.S. Dept. of Agric.*, 18

27   F.3d 1468, 1481 (9th Cir. 1994).  However, courts do not utilize the standard analysis for

28   determining whether a genuine issue of material fact exists.  *See Occidental Eng'g Co. v. I.N.S.*,

United States District Court
Northern District of California

United States District Court
Northern District of California

753 F.2d 766, 769-70 (9th Cir. 1985).  In reviewing an agency action, a court "is not required to resolve any facts in a review of an administrative proceeding."  *Id.* at 769.  "[T]he function of the district court is to determine whether or not as a matter of law the evidence in the administrative record permitted the agency to make the decision it did."  *Id.*  "Because the presence of the administrative record, which the parties have stipulated to, usually means there are no genuine disputes of material fact, it allows the Court to decide whether to set aside the agency determination on summary judgment without a trial."  *Sodipo v. Rosenberg*, ___ F. Supp. 3d ___, 2015 WL 151776, at *2 (N.D. Cal. Jan. 12, 2015) (citing *Camp v. Pitts*, 411 U.S. 138, 142 (1973) (per curiam)); *Hunter v. Leininger*, 15 F.3d 664, 669 (7th Cir. 1994) ("The motion for summary judgment is simply the procedural vehicle for asking the judge to decide the case on the basis of the administrative record.")).

Under the APA, a reviewing court may set aside a final agency action if it is "arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with the law."  5 U.S.C. § 706(2)(A).  The Supreme Court has held that the standard of review under 5 U.S.C. § 706(2)(A) is deferential, noting that a court is not empowered to substitute its judgment for that of the agency. *Motor Vehicle Mfrs. Ass'n v. State Farm Mut. Ins. Co.*, 463 U.S. 29, 43, (1983); *see also Sierra Club v. Clark*, 756 F.2d 686, 690 (9th Cir. 1985) ("Traditionally, an agency's interpretation of its own regulation is entitled to a high degree of deference if it is not unreasonable.").  In reviewing an agency's decision under section 706(2)(A), a court "must consider whether the decision was based on a consideration of the relevant factors and whether there has been a clear error of judgment."  *Citizens to Preserve Overton Park v. Volpe*, 401 U.S. 402, 416 (1971), *overruled on other grounds by Califano v. Sanders*, 430 U.S. 99, 105 (1977).  The agency must have considered the relevant data and "articulate a satisfactory explanation for its action including a 'rational connection between the facts found and the choice made.'"  *Motor Vehicle Mfrs. Ass'n*, 463 U.S. at 43 (citation omitted).

For an agency decision to be upheld under the arbitrary and capricious standard, a court must find that evidence in front of the agency provided a rational and ample basis for its decision. *Nw. Motorcycle Ass'n*, 18 F.3d at 1471.  However, an agency's decision is arbitrary and capricious

1    if it "offered an explanation for the its decision that [ran] counter to the evidence before the

2    agency." *Sw. Ctr. for Biological Diversity v. U.S. Forest Serv.*, 100 F.3d 1443, 1448 (9th Cir.

3    1996).  In deciding whether to grant summary judgment in an APA challenge, the district court "is

4    not required to resolve any facts in a review of an administrative proceeding." *Occidental Eng'g*

5    *Co. v. I.N.S.*, 753 F.2d 766, 769 (9th Cir. 1985).  Rather, a district court reviews that agency's

6    findings of fact for substantial evidence, which is "more than a mere scintilla. It means such

7    relevant evidence as a reasonable mind might accept as adequate to support a conclusion."

8    *Monjaraz-Munoz v. I.N.S.*, 327 F.3d 892, 895 (9th Cir. 2003) *opinion amended on denial of reh'g,*

9    339 F.3d 1012 (9th Cir. 2003) (citation omitted).  Courts "will not disturb the agency's findings

10    under this deferential standard unless the evidence presented would *compel* a reasonable finder of

11    fact to reach a contrary result." *Family Inc. v. U.S. Citizenship & Immigration Servs.*, 469 F.3d

12    1313, 1315 (9th Cir. 2006) (emphasis in original; citation and internal marks omitted).

13        When an agency denied a petition on "multiple alternative grounds," a "plaintiff can

14    succeed on her challenge only if she shows that the [agency] abused its discretion with respect to

15    all" of its enumerated grounds for denial.  *Spencer Enters., Inc. v. United States*, 229 F. Supp. 2d

16    1025, 1037 (E.D. Cal. 2001), *aff'd*, 345 F.3d 683 (9th Cir. 2003) ("As the district court correctly

17    noted, any one of these grounds would be sufficient to reject the petition.").

18    **DISCUSSION**

19        Defendants argue that the Court should grant summary judgment for two reasons.  First,

20    Irish Help failed to meet its burden of proving the petitioned occupation is a specialty occupation

21    as defined by the Immigration and Nationality Act ("INA") and agency regulations.  Second, Irish

22    Help failed to meet its burden of proving that McDermott was qualified under the INA and agency

23    regulations to serve in a specialty occupation.  Plaintiff, however, argues that UCSIS abused its

24    discretion in the face of Irish Help's evidence establishing that its deputy controller position is a

25    specialty occupation and showing that McDermott is qualified to perform that occupation.

26    **A.**    **Specialty Occupation**

27        It is Irish Help's burden to establish, by a preponderance of evidence, that McDermott is

28    eligible and qualified for the benefit sought.  8 U.S.C. § 1361.  Thus, it is Irish Help's burden to

United States District Court
Northern District of California

establish that its deputy controller position qualifies as a "specialty occupation" in the immigration context.  Section 101(a)(15)(H)(i)(b) of the INA, 8 U.S.C. § 1101(a)(15)(H)(i)(b), provides for the classification of qualified nonimmigrant aliens coming temporarily to the United States to perform services in a specialty occupation.  These aliens are referred to as "H-1B" nonimmigrants.  Employers seeking to employee foreign nationals under the H-1B program must demonstrate that the alien beneficiary possesses the qualifications necessary for the specialty occupation position and that the proffered position is a specialty occupation as set defined in 8 U.S.C. § 1184(i).  *See* 8 C.F.R. § 214.2(h)(4)(iv)(A).

8 U.S.C. § 1184(i) provides that a specialty occupation is an occupation that requires: "(A) theoretical and practical application of a body of highly specialized knowledge," and "(B) attainment of a bachelor's or higher degree in the specific specialty (or its equivalent) as a minimum for entry into the occupation in the United States."  8 U.S.C. § 1184(i).  Regulations further define "specialty occupation."  *See* 8 C.F.R. § 214.2(h)(4)(ii) (providing examples of occupations that can require highly specialized knowledge).  Section 214.2(h)(4) also reaffirms that the definition "requires the attainment of a bachelor's degree or higher in a specific specialty."  *Id.*  There are four regulatory criteria, and a petitioner must satisfy at least one criterion for its position to qualify as a specialty occupation:

> (1)  A baccalaureate or higher degree or its equivalent is normally the minimum requirement for entry into the particular position;
>
> (2)  The degree requirement is common to the industry in parallel positions among similar organizations or, in the alternative, an employer may show that its particular position is so complex or unique that it can be performed only by an individual with a degree;
>
> (3)  The employer normally requires a degree or its equivalent for the position; or
>
> (4)  The nature of the specific duties are so specialized and complex that knowledge required to perform the duties is usually associated with the attainment of a baccalaureate or higher degree.

*See* 8 C.F.R. § 214.2(h)(4)(iii)(A).

Here, Irish Help has presented evidence in support of its argument that the deputy controller position meets criterion 1, 2, and 4, but USCIS found that its evidence was inadequate.

7

United States District Court
Northern District of California

For Defendants to prevail, they must show the agency provided a rational and ample basis for its decision.  As to Criterion 1 and 4, the Court finds no evidence compelling a different result from USCIS's findings; however, in considering Criterion 3, USCIS failed to consider potentially compelling evidence in Plaintiff's favor.  The Court considers each criterion below.

     1.   Criterion 1: A Baccalaureate Degree in the Specific Specialty (or its Equivalent)

     Plaintiff argues that Irish Help's deputy controller position is a specialty occupation because this position requires a bachelor's degree in the field of finance, thereby meeting the first regulatory criterion for a specialty occupation.  PMSJ at 11.  USCIS and the AAO, however, found that the evidence did not establish that a bachelor's degree in a specific specialty is the normal minimum requirement for Irish Help's deputy controller position.  AR 92.

     Both Plaintiff and USCIS relied on the 2012-13 edition of the Department of Labor's Occupational Outlook Handbook ("OOH" or "DOL Handbook") profile for "Financial Managers" to determine if a specific bachelor's degree is a minimum requirement for entry into the profession.[2]  AR 84 n.6, 413-23.  The OOH profile states "A bachelor's degree in finance, accounting, economics, or business administration is often the minimum education needed for financial managers. However, many employers now seek candidates with a master's degree, preferably in business administration, finance, or economics."  AR 416.  Plaintiff asserts that OOH supports a finding that a bachelor's degree in finance, accounting, economics or business administration or its equivalent is normally the minimum requirement for entry into the position of financial manager.  PMSJ at 11.[3]  The AAO, however, found Plaintiff's earlier statement to that

---

[2] Because Plaintiff described some of the proffered position's duties as related to bookkeeping and accounting, USCIS also considered the education prerequisites for "Bookkeeping, Accounting, and Auditing Clerks" in the DOL Handbook.  AR 90.  USCIS found that those prerequisites similarly did not require a bachelor's degree; however, Plaintiff did not seek to support its deputy controller position under this particular OOH profile.  Thus, for purposes of this Order, the key dispute between the parties relates to the Financial Manager profile.

[3] Plaintiff also challenges USCIS's reliance on the DOL Handbook.  Plaintiff submitted evidence from additional sources, including the DOL's Occupational Informational Network ("O*NET OnLine"), the Foreign Labor Certification Data Center Online Wage Library, and the Specialized Vocational Preparation ("SVP") ratings (*see* AR 490-91, 506; PMSJ at 13-14) to establish that the deputy controller position is a specialty occupation.  This evidence is unpersuasive.  First, courts have recognized that "the choice of what reference materials to consult is quintessentially within an agency's discretion—and, thus, courts routinely have approved CIS's practice of consulting the Handbook."  *Royal Siam Corp. v. Chertoff*, 484 F.3d 139, 146 (1st Cir. 2007) (collecting cases).  Second, USCIS properly discounted Plaintiff's evidence.  The AAO found that O*Net was not

United States District Court
Northern District of California

effect as "tantamount to an admission" that the deputy controller position is not in fact a specialty occupation, because it indicates that a general-purpose bachelor's degree, such as a degree in business administration, could adequately prepare an individual to perform the duties of Irish Help's deputy controller position.  AR 92.

Having reviewed the record in this case, the Court finds that the AAO provided a rational and ample basis for its decision regarding the first regulatory criterion.  *See N.W. Motorcycle*, 18 F.3d at 1471.  A "specialty occupation" is defined as the attainment of a bachelor's degree in a specific specialty.  *See* 8 U.S.C. § 1184(i)(1); 8 C.F.R. § 214.2(h)(4)(ii).  Here, the AAO held that the term "degree" in 8 C.F.R. § 214.2(h)(4)(iii)(A) means a degree in a specific specialty that directly relates to the proffered position.  AR 92.  Because the record supports the conclusion that general purpose degrees, such as business administration, would adequately prepare an individual for the deputy controller position, the AAO found that Plaintiff did not establish that a bachelor's degree in a specific specialty is the normal minimum requirement for a deputy controller.  AR 92. "Although a general-purpose bachelor's degree, such as a degree in business administration, may be a legitimate prerequisite for a particular position, requiring such a degree, without more, will not justify the granting of a petition for an H-1B specialty occupation visa."  *Royal Siam*, 484 F.3d at 147 (citations omitted).

"Fundamentally, an H-1B visa allows an employer to reach outside of the U.S. to fill a temporary position because of a special need, presumably one that cannot be easily fulfilled within the U.S."  *Caremax Inc v. Holder*, ___ F. Supp. 2d. ___, 2014 WL 1493621, at *4 (N.D. Cal. Apr. 16, 2014).  Courts found that where a "position [] requires applicants to have any bachelor's degree, or a bachelor's degree in a large subset of fields, [that position] can hardly be considered specialized."  *Id.* (citing *Fred 26 Imps., Inc. v. Dep't of Homeland Sec.*, 445 F. Supp. 2d 1174, 1179-80 (C.D. Cal. 2006) ("A 'specialty occupation' is defined as the attainment of a bachelor's

---

particularly useful in determining whether a baccalaureate degree in a specific specialty or its equivalent is a minimum entry requirement because it makes no mention of the specific field of study from which a degree must come.  AR 91.  Likewise, the SVP ratings and Foreign Labor Certification Data Center Online Wage Library do not specify the particular type of degree, if any, that a position would require.  *Id.*

degree *in a specific specialty.*" (emphasis added)).  Here, as in *Caremax* and *Royal Siam*, the position at issue does not demand a bachelor's degree in a specific specialty, but rather could be performed by a person with another, more generalized degree, like business administration.  There is nothing in the record that compels a contrary finding.

This is not to say that a position can only be a specialty occupation if the beneficiary has specific degree in the exact field of the occupation.  As Plaintiff points out, that interpretation has been rejected on several occasions.  *See* PMSJ at 12 (citing *Tapis*, 94 F. Supp. 2d 172 and *Residential Fin. Corp. v. U.S. Citizenship & Immigration Servs.*, 839 F. Supp. 2d 985, 997 (S.D. Ohio 2012)).  For instance, in *Tapis*, the INS denied the employer's H-1B petition on the ground that its interior design showroom manager position was not a specialty occupation because it did not require a degree in that specific specialty.  94 F. Supp. 2d at 175-76.  The court interpreted the INS's position as "preclud[ing] any position from satisfying the 'specialty occupation' requirements where a specific degree is not available in that field."  *Id.* at 175.  In that case, such an interpretation would have meant that the proffered position could not qualify as a specialty occupation unless the employee "obtained a degree in interior design showroom management." *Id.* at 175-76.  The court disagreed, noting "it defies logic to read the bachelor's requirement of 'specialty occupation' to include only those positions where a specific bachelor's degree is offered.  In fields where no specifically tailored baccalaureate program exists, the only possible way to achieve something equivalent is by studying a related field (or fields) and then obtaining specialized experience." *Id.* at 175.  It held that "[b]y including the 'or its equivalent' language, the statute and regulations recognize that the needs of a specialty occupation can be met through education, experience, or some combination of the two." *Id.*

Similarly, in *Residential Finance*, the reviewing court reversed the denial of the plaintiff's H-1B petition after finding that the employee's bachelor in science degree in marketing and finance was the minimum requirement for entry into the position of a market research analyst. 839 F. Supp. 2d at 996-97.  The court rejected the "implicit premise that the title of a field of study controls," noting that "diplomas rarely come bearing occupation-specific majors." *Id.*  Rather "[w]hat is required is an occupation that requires highly specialized knowledge and a prospective

United States District Court
Northern District of California

1  employee who has attained the credentialing indicating possession of that knowledge." *Id.* at 997.

2  The court found that "a market and survey researcher is a distinct occupation with a specialized

3  course of study that includes multiple specialized fields [], that [the beneficiary] had completed

4  such specialized study in the relevant fields of marketing and finance, and that [the employer]

5  sought to employ him in such a position." *Id.* at 996.  As a result, the court found the market

6  research analyst position qualified as a specialty occupation.

7       This case is different from *Residential Finance* and *Tapis*.  Unlike in *Residential Finance*,

8  the record does not support that the Irish Help's deputy controller position is a distinct occupation,

9  or that it requires a specialized course of study.  Rather, the record indicates that the deputy

10  controller position may be satisfied with a bachelor's degree in a more general field of study, such

11  as business administration.  Likewise, this case is dissimilar to *Tapis* because the AAO's decision

12  is not akin to finding that McDermott would need a degree in "deputy controllership," rather, the

13  issue is that there is no credible evidence supporting that Irish Help's deputy controller position is

14  specialized in the sense that the it could only be performed by one with specialized knowledge in a

15  specialized course of study, as opposed to one with a more generic degree.[4]

16       The only evidence supporting the conclusion that the deputy controller position satisfies

17  the first criterion is Professor Stewart's letter, which states that the position requires "specialized

18  and complex knowledge of finance and accounting."  AR 46.  But the AAO did not abuse its

19  discretion in discounting this opinion.  Stewart's letter indicates that his knowledge of the deputy

20  controller position was based only on reviewing a letter from Irish Help's owner describing the

21  company and the duties of the deputy controller.  There is no evidence that Stewart knew any

22  more about the specific duties of the deputy controller position than what was encompassed in

23  Irish Help's letter.  USCIS does not abuse its discretion when it gives little weight to an opinion

24  that is "based on the generalized job description furnished by [the petitioner], rather than any

25  ─────────────

26  [4] Plaintiff also cites a non-precedential AAO opinion, *Matter of [name not provided]*, WAC 04
259 50020 (AAO, Aug. 29, 2006).  *See* Dkt. No. 29-1.  In that opinion, the AAO found that a
"freight forwarder" company's financial analyst position was a specialty occupation under the

27  OOH profile for financial managers.  *See id.* at 5.  However, that opinion was issued before an
OOH revision to the financial managers' profile, which now states a bachelor's degree in finance,
accounting, economics, or business administration "is often" the minimum education needed for

28  financial managers.  *See* AR 84 n.6 (describing the 2012-13 version of the DOL Handbook).

1   specific study of [the beneficiary's] performance" with the petitioner. *Brazil Quality Stones, Inc.*

2   *v. Chertoff*, 531 F.3d 1063, 1070 n.9 (9th Cir. 2008). Given Stewart's limited review of Irish

3   Help's deputy controller position, based largely on the generalized job description furnished by

4   Irish Help, the Court cannot find that USCIS abused its discretion here in declining to give Dr.

5   Stewart's opinion much evidentiary weight. There is nothing else in the record compelling the

6   Court to a different result.

7            2.      Criterion 2: Industry Degree Requirement or a Complex & Unique Position

8            A position may also qualify as a specialty occupation if the degree requirement "is

9   common to the industry in parallel positions" or the employer shows that the particular position "is

10  so complex or unique that it can be performed only by an individual with a degree." 8 C.F.R. §

11  214.2(h)(4)(iii)(A)(2).

12                   a.      Degree Common to the Industry

13           In determining whether there is a standard, industry-wide degree requirement, USCIS

14  typically considers whether the DOL Handbook reports on an industry-wide requirement, whether

15  a professional association has made a degree a minimum entry requirement, and whether firms or

16  individuals in the industry have attested that such firms "routinely employ and recruit only

17  degreed individuals." *See Shanti, Inc. v. Reno*, 36 F. Supp. 2d 1151, 1165 (D. Minn. 1999)

18  (quoting *Hird/Blaker Corp. v. Sava*, 712 F. Supp. 1095, 1102 (S.D.N.Y. 1989)). As described

19  above, the DOL Handbook is silent on an industry-wide degree requirement. USCIS, however,

20  rejected other evidence Plaintiff provided in support.

21           The Court does not take issue with much of the evidence rejected by USCIS. First, USCIS

22  rejected 22 job listings Plaintiff submitted (AR 433-75) on the ground that job listings that are not

23  from the home healthcare industry cannot establish the existence of an industry-wide requirement

24  that applies to Irish Help. *See* 8 C.F.R. § 214.2(h)(4)(iii)(A)(2). In its H-1B submission, Irish

25  Help identified itself as a home healthcare company (AR 94, 391), but thirteen of the job listings it

26  submitted are for firms in different industries, and USCIS thus discounted this evidence.[5] USCIS

27  _____

28  [5] USCIS discounted job listings from (1) Alta Mira Recovery Programs, a luxury residential
    rehabilitation treatment center; (2) the East Bay Community Recovery Project, a nonprofit
    substance-abuse recovery organization; (3) the YMCA of San Francisco, a nonprofit youth

United States District Court
Northern District of California

also discounted four more job listings because they did not disclose the employers' industries (AR 95), and the remaining job listings because Plaintiff did not establish that those employers are similar to Irish Help in size, scope, scale of operations, expenditures, or revenues.  AR 95.  USCIS also discounted Professor Stewart's opinion because the job listings he identified also lacked any indication that they were for parallel positions among similar organizations.  *See* AR 46 (referring to a deputy controller position at a construction company, a sports store, and an unspecified position in New York City).  USCIS thus determined that none of the job listings submitted by Irish Help established that a degree requirement exists for deputy controllers in the home healthcare industry among "similar organizations."  *See* 8 C.F.R. § 214.2(h)(4)(iii)(A)(2). Discounting the job listings on this ground was proper.  *See Global Fabricators, Inc. v. Holder*, 320 F. App'x 576, 579 (9th Cir. 2009).

Second, Plaintiff also submitted a letter written by Vivian Huddleston of Huddleston Care, LLC, which Plaintiff described as "one of petitioner's competitors."  AR 330.  The Huddleston letter states that "We only hire people with a Bachelor's Degree in Finance or Accounting" to perform the same tasks that Dermott would perform in the proffered position.  AR 330.  The letter, however, only reports on the hiring practices of Huddleston Care rather than discussing or confirming that Huddleston's hiring requirements are consistent with others in the home health-care industry in general.  Nor does the letter provide evidence that Huddleston Care, LLC is "similar" to Irish Help in size, scope, scale of operations, expenditures, or revenues.  Thus USCIS properly limited the evidentiary value of the letter.

However, Plaintiff also submitted a letter from the California Association for Health Services at Home ("CAHSAH"), which states that it is "the leading statewide home care association in the nation and the voice of home care for the western United States."  AR 322-23. CAHSAH's letter indicates that it represents more than 584 members and 1,031 offices that are

empowerment organization; (4) Delivery Agent, a media company; (5) Partners Healthcare, a medical services provider that does not provide home healthcare; (6) Lumeris; a healthcare technology company; (7) the California Institute of Integral Studies, an educational organization; (8) Liberty Personnel, a staffing firm; (9) Newco Services, a finance, accounting, and human resources services provider; (10) Imerys, a mining company; (11) Bristol Group, a real estate investment firm; (12) a second, unnamed real estate investment firm; and (13) an unnamed ice cream distributor.

United States District Court
Northern District of California

direct providers health and supportive services and products in the home.  *See* AR 323.  CAHSAH

submitted its letter in support of Plaintiff's petition, concluding that "it is a general prerequisite,

that a position of this kind be filled with a possessor of a four year Bachelor's degree in

Financing."  AR 322.  Neither USCIS nor the AAO considered this letter in its review of whether

Plaintiff met the second criterion.

At the hearing, the Court questioned the AAO's failure to discuss and analyze this

seemingly relevant evidence in the AAO's decision, as a failure to consider relevant evidence can

be grounds for finding abuse of discretion.  *See Fred 26 Imps.*, 445 F. Supp. 2d at 1181; *Young*

*China Daily v. Chappell*, 742 F. Supp. 552, 554-55 (N.D. Cal. 1989).  However, after careful

consideration, the Court cannot find Defendants abused their discretion with regard to this piece of

evidence.  The second regulatory criterion for establishing a specialty occupation is whether "the

degree requirement is common to the industry in parallel positions among similar organizations."

8 C.F.R. § 214.2(h)(4)(iii)(A)(2).  On first read, the evidence appears probative as CAHSAH

appears to relate to Irish Help's industry and seems to explain that the deputy controller position

requires a four year Bachelor's degree in Financing.  But, like the Huddleston Care letter, on

closer read, the CAHSAH letter does not in fact verify that the degree requirement is common to

Irish Help's industry in parallel positions among similar organizations.  While potentially

CAHSAH would be capable of showing that some of its member offices are similar organizations

to Irish Help, with parallel positions to Irish Help's deputy controller position, that evidence was

not before USCIS or the AAO.  The letter is silent on the relevant elements for meeting this

criterion.  Furthermore, the letter is based on CAHSAH's review of "the proposed job description"

(AR 322), not CAHSAH's knowledge of Irish Help's business or any other more specific inquiry

into the deputy controller position.

Considering the CAHSAH letter now, the Court cannot find that this evidence would

"*compel* a reasonable finder of fact to reach a contrary result."  *Family Inc.*, 469 F.3d at 1315.  As

such, the Court cannot find that the AAO abused its discretion by failing to consider this letter.

No other evidence suggests that the agency's actions were arbitrary or capricious in considering

this first part of the second regulatory criterion.

United States District Court
Northern District of California

14

*b.   Complex or Unique Position*

Plaintiff also argues that it should prevail because it has shown that the proffered position is "so complex or unique" that it can be performed only by an individual with a degree in finance or a related field.  PMSJ at 17-18; *see* 8 C.F.R. § 214.2(h)(4)(iii)(A)(2).  However, USCIS properly found that Plaintiff did not submit adequate evidence to support such a finding.  While Irish Help submitted descriptions of the work that would be performed by its deputy controller (AR 332-38; 407-08), these descriptions do not necessarily indicate that the deputy controller's duties are so complex and unique that they could only be performed by an individual with a degree.  Irish Help argues that these duties are so complex that the owners of the company are now performing them, but there is no evidence in the record that the company's owners have the requisite specialized degree or training that would make the position a specialty occupation.

Finally, Irish Help submitted Professor Stewart's report, which notes that because of Irish Help's growth and size, Irish Help requires its deputy controller position to be performed by someone with specialized knowledge and skill.  USCIS found these assertions undermined by the fact that Irish Help classified its proffered position as a "Level I" job, according to its Form ETA 9035, Labor Condition Application ("LCA") for Nonimmigrant Workers.  AR 604.  According to the *Prevailing Wage Determination Policy Guidance*[6] issued by the Department of Labor:

> **Level I** (entry) wage rates are assigned to job offers for beginning level employees who have only a basic understanding of the occupation. These employees perform routine tasks that require limited, if any, exercise of judgment. . . . These employees work under close supervision and receive specific instructions on required tasks and results expected. Their work is closely monitored and reviewed for accuracy.

Plaintiff construes Defendants' argument as saying that a Level I LCA wage position can never require complex skills, but this was not the nature of USCIS's finding.  Rather, USCIS found that the fact that Irish Help only intends to pay its deputy controller an entry level wage undermined its otherwise unsupported assertions that the position is complex and unique.  *See Health Carousel,*

---

[6] U.S. Dep't of Labor, Emp't & Training Admin., *Prevailing Wage Determination Policy Guidance* 7, *available at* http://www.flcdatacenter.com/download/ NPWHC_Guidance_Revised_11_2009.pdf.

United States District Court
Northern District of California

1  *LLC v. Bureau of Citizenship & Immigration Servs.*, 2014 WL 29591, at *7 (S.D. Ohio Jan. 3,

2  2014) (same).  The record contains no evidence that compels a different result.

3            3.      <u>Criterion 3: Position Normally Requires a Degree or its Equivalent</u>

4            Irish Help does not submit an argument as to the third regulatory criterion.  As Plaintiffs

5  have not objected to Defendants' arguments on this criterion, the Court finds no grounds for

6  disrupting the agency's findings.

7            4.      <u>Criterion 4: Specialized and Complex Nature of Specific Duties</u>

8            The Fourth regulatory criterion is whether the nature of the specific duties is "so

9  specialized and complex that knowledge required to perform the duties is usually associated with

10  the attainment of a baccalaureate or higher degree."  8 C.F.R. § 214.2(h)(4)(iii)(A)(4).  Based on

11  the above discussion, Irish Help has not carried its burden to show that the duties of its deputy

12  controller position are so specialized and complex that a specific bachelor's degree or higher is

13  required to perform the duties.  USCIS examined the relevant data, including the DOL Handbook

14  provisions, the LCA designations, and the variety of evidence provided by Irish Help, and

15  explained its reasoning for why the evidence Irish Help provided was unsupported and why the

16  DOL Handbook and LCA designation undermine Irish Help's argument that the position is

17  specialized and complex.  Having carefully reviewed the record and Plaintiffs' evidence, there is

18  nothing indicating that USCIS's determination on this criterion was arbitrary or capricious.

**CONCLUSION**

20            Based on the analysis above, the Court finds that Plaintiff has failed to show that its deputy

21  controller position qualifies as a specialty occupation.  As USCIS must only show that it had one

22  valid ground for denial, the Court need not reach the issue of McDermott's qualifications.  *See*

23  *Spencer Enters.*, 229 F. Supp. 2d at 1037.  Accordingly, the Court hereby **GRANTS** Defendants'

24  Motion for Summary Judgment and **DENIES** Plaintiff's Motion for Summary Judgment.

25            **IT IS SO ORDERED.**

26  Dated: February 24, 2015

27  _____

28  MARIA-ELENA JAMES
    United States Magistrate Judge